Case 5:26-cv-00054   Document 6   Filed 01/22/26 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
January 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| **JUAN JOSE HERNANDEZ ARTEAGA,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:26-CV-54 |
| § | |
| **MIGUEL VERGARA,** *et al.*, § | |
| § | |
| Respondents. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Juan Jose Hernandez Arteaga's ("Petitioner" or "Mr. Hernandez Arteaga") Petition for Writ of Habeas Corpus, (Dkt. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS) and seeking to enforce his rights as a purported member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.).

Petitioner entered the United States without inspection in March of 2023 and was apprehended by immigration officials. (*See* Dkt. 4 at 2; Dkt. 5 at 3.) He was processed, served with a Notice to Appear placing him in removal proceedings, and later released while his immigration proceedings remained ongoing. (*See* Dkt. 5.) Petitioner was later redetained by ICE in the interior of the United States on November 19, 2025, and has remained in detention at the Rio Grande Processing Center since then. (Dkt. 1 at 3.) He filed his Petition for Writ of Habeas Corpus on January 14, 2026. (*Id.* at 2.)

The issue presented is principally one of statutory interpretation: whether Petitioner is properly subject to immigration detention under 8 U.S.C. § 1225(b)(2), which allows for

mandatory detention during removal proceedings, or whether he is instead detained under 8 U.S.C. § 1226(a), which provides for discretionary detention and a possibility for his release from custody on bond.

On November 25, 2025, the Central District of California certified a national class in *Maldonado Bautista v. Santacruz*, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) relevant to this matter:

> **Bond Eligible Class**: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista*, 2025 WL 3288403, at *1. Prior to granting class certification, the Central District of California granted partial summary judgment on the named petitioners' claims, holding that the government's interpretation of the Immigration and Nationality Act (INA) was unlawful in so far as it subjected petitioners to mandatory detention under § 1225(b)(2) rather than § 1226(a). Several days later, the court expressly "extend[ed] the same declaratory relief granted to [individual] Petitioners to the Bond Eligible Class as a whole." *Maldonado Bautista*, 2025 WL 3288403, at *9.

On December 18, 2025, the Central District of California clarified its prior order and entered a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure, holding that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Santacruz*, 2025 WL 3713987, at *1 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). A final judgment in a class action is binding on all class members in subsequent decisions under the basic principles of res judicata and collateral estoppel.

*Cooper v. Fed. Rsrv. Bank of Richmond*, 467 U.S. 867, 874 (1984) ("A judgment in favor of either side is conclusive in a subsequent action between them on any issue actually litigated and determined, if its determination was essential to that judgment").

The Court ordered briefing from the Respondents to address whether Petitioner is a member of the certified class. (Dkt. 3.) Respondents assert that Petitioner is not a member of the Bond Eligible class "because Petitioner was apprehended upon arrival." (Dkt. 4 at 2.) But although Petitioner was initially apprehended shortly after entering the United States without inspection, his most recent arrest and apprehension by ICE occurred within the interior of the United States after he had been residing in the United States for several years, complicating the question of whether he qualifies as a class member of the certified Bond Eligible Class. (*See* Dkt. 5.)

Acknowledging this, the Court will decline to resolve the issue of Mr. Hernandez Arteaga's membership in the class based on his initial manner of entry given that the Court finds that there are independent legal grounds upon which to grant relief. A statutory analysis of the relevant INA provisions dictates that Petitioner should be detained under § 1226(a) and therefore entitled to a bond hearing.[1]

Respondents argue that a plain language reading of the relevant INA provisions, developments in agency interpretation of the INA, prior legal precedent, and persuasive decisions support a reading of § 1225(b)(2) rather than § 1226(a) as the appliable statutory authority for any noncitizen who is an applicant for admission. (Dkt. 4 at 10–13.) Respondents' arguments regarding statutory construction and exhaustion of administrative remedies mirror those that this Court

---

[1] Even if Mr. Hernandez Arteaga is not a class member, he can still bring his challenge through habeas. *C.f. Del Valle Castillo v. Wamsley*, 2025 WL 3524932, at *5 (W.D. Wash. Nov. 26, 2025) (holding that "the fact that Petitioners are not Bond Denial Class members does not prevent them from seeking habeas relief on similar legal grounds" for a similar group of noncitizens detained in Washington State who were most recently apprehended in the interior.)

addressed previously in *Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025) and that numerous other courts across this district and across the country have considered. *See Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (collecting cases). As such, "[t]he Court need not repeat its analysis, especially where that analysis is consistent with 'the overwhelming majority' of courts to consider these issues in recent months." *Erazo Rojas v. Noem,* 2025 WL 3038262, at *1 (W.D. Tex. Oct. 30, 2025) (quoting *Buenrostro-Mendez,* 2025 WL 2886346, at *3).

Because Respondents have failed to offer controlling precedent that would justify reaching a different result as to the relevant detention authority in this case, the Court is unpersuaded to alter its prior position with respect to this issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States between ports of entry and has been residing in the United States before he was recently apprehended by immigration officials, the applicable authority for his detention is 8 U.S.C. § 1226(a). This finding is based on the statutes' plain text, congressional intent, canons of statutory interpretation, legislative history, and longstanding agency practices. *See Fuentes v. Lyons*, 5:25-cv-00153, Dkt. No. 15 (S.D. Tex. Oct. 16, 2025); *see also Rodriguez v. Bostock*, 2025 WL 2782499, at *1 n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases).

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is GRANTED IN PART. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss and, in the Alternative Motion for Summary Judgment, (Dkt. 4), is DENIED.

Respondents are ORDERED to immediately release Petitioner, or to conduct a bond hearing under 8 U.S.C. § 1226(a) on or before **January 26, 2026**. No later than **January 27, 2026, at 5:00 P.M. Central Standard Time (CST)**, the Respondents shall provide the Court with a

status update on the outcome of any bond hearing conducted pursuant to this Order, or if no bond hearing is held, advise the Court as to the status of Petitioner's release from custody pursuant to this Order. The parties should also notify the Court if the Government seeks a stay of the bond decision under 8 C.F.R. § 1003.19(i).

If released from custody on bond, Respondents must notify Petitioner's counsel of the exact time and location of his release **no less than three hours** prior to releasing him.

IT IS SO ORDERED.

SIGNED this January 22, 2026.

Diana Saldaña
United States District Judge